IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-02810-MSK

FMSC, LLC,

    Plaintiff,

v.

COLORADO CASUALTY INSURANCE COMPANY,
PEERLESS INDEMNITY INSURANCE COMPANY, and
LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiff, FMSC, LLC, commenced this case in the Colorado District Court for Morgan County. The Complaint **(#4)** asserts claims for common law bad faith breach of an insurance contract and statutory bad faith breach under Colo. Rev. Stat. §§ 10-3-1115 and -1116. The Defendants removed the case to this Court. The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 (diversity jurisdiction) as providing for this Court's subject matter jurisdiction over the action.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). As the party invoking the federal court's jurisdiction, the Defendants bear the burden of establishing that the requirements for the exercise of jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the [] court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Diversity jurisdiction exists when the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants.  In other words, no defendant can be a citizen from the same state as any plaintiff.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  In *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that the citizenship of a limited liability company is determined by reference to the citizenship of each and every one of its members.

Here, neither the Complaint nor the Notice of Removal identify **who the members of the Plaintiff LLC are** or **where their citizenship is**.  The Complaint generally states that the Plaintiff LLC is a "Colorado limited liability company" with its main office in Fort Morgan, Colorado.  The Notice states alleges that the Plaintiff is a "Colorado limited liability company that is incorporated under the laws of the State of Colorado, maintains its principal place of business at 410 E. Railroad Ave, Fort Morgan, Colorado, and its members, including its managing member and Registered Agent, reside in the State of Colorado."

These allegations are insufficient to establish complete diversity among the parties.  Without knowing who the members of the Plaintiff LLC are, it is impossible to apply the correct test for citizenship – citizenship for individuals and entities are determined differently.  In addition, "allegations of mere 'residence' may not be equated with 'citizenship' for the purpose of establishing diversity."  *Okland Oil Co. v. Knight*, 92 Fed.Appx. 589, 608 (10th Cir. 2003) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)).

3

In the absence of facts sufficient to establish complete diversity among the parties, the Court lacks subject matter jurisdiction over this action.  This matter is therefore **REMANDED** to the Colorado District Court for Morgan County.

Dated this 14th day of January, 2016

                                        **BY THE COURT:**

                                        *[signature]*

                                        Marcia S. Krieger
                                        Chief United States District Judge